# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KPN INNOVATIONS LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-11064 ) |
| IMATAG S.A.S. | ) **Jury Trial Demanded** ) ) |
| Defendant. | ) ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, KPN Innovations LLC ("KPN"), for its Complaint against Defendant Imatag S.A.S. ("Imatag") alleges the following:

## NATURE OF THE ACTION

1. This is an action for direct and indirect infringement of KPN's U.S. Patent No. 8,385,592 (the "'592 Patent") in violation of 35 U.S.C. § 271, based on Imatag's unauthorized commercial making, use, offer for sale, sale and import of its Imatag Digital Watermarking API, Imatag Leaks ("Leaks"), and Monitor ("Monitor") products in the United States.

2. KPN seeks injunctive relief to prevent Imatag from continuing to infringe the '592 Patent. KPN also seeks monetary damages recovery for Imatag's past and ongoing direct and indirect infringement of the '592 Patent.

1

## THE PARTIES

3. Plaintiff KPN Innovations LLC is a Delaware limited liability company with a registered agent, The Corporation Trust Company, located at Corporate Trust Center 1209 Orange Street, Wilmington, Delaware, 19801.

4. Defendant Imatag S.A.S. ("Imatag") is a French joint-stock company (société par actions simplifiée) registered with the Commercial Court of Rennes, under identification number 811 573 997 00038, with a registered office located at 13 Rue Dupont Des Loges, 35000 Rennes, France.

## JURISDICTION AND VENUE

5. The Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Imatag because Imatag has purposefully and intentionally directed its infringing activity into Massachusetts by offering, marketing, and on information and belief, selling, contracting, and incurring continuing subscription obligations for its infringing IMATAG API, Leaks, and Monitor products within Massachusetts.

7. The Court further has personal jurisdiction over Imatag under at least Fed. R. Civ. P. 4(k)(2) because Imatag purposefully and intentionally directs its infringing activity into the United States by marketing and selling the infringing API, Leaks, and Monitor products to persons and entities within the United States. Imatag has contracted and established continuing subscription service obligations for the infringing products with its customers within the United States.

8. Imatag has thus purposefully availed itself of the privilege of conducting activities within Massachusetts and within the United States.

9. Venue lies in this district under, *inter alia*, 28 U.S.C. §§ 1391(c) because Imatag is not a United States resident.

## COUNT I
### Infringement of the '592 Patent, 35 U.S.C. § 271

10. On February 26, 2013, the United States Patent and Trademark Office issued U.S. Patent No. 8,385,592 (the "'592 Patent"), entitled "Digital Watermarking System and Method." A true and accurate copy of the '592 Patent is attached hereto as **Exhibit 1** and incorporated herein by this reference.

11. The '592 Patent was duly and legally issued and is valid and enforceable.

12. KPN owns all rights, title and interest in the '592 Patent, including the right to bring this lawsuit for past, present and future damages and/or injunctive relief.

13. The '592 Patent claims systems and methods of applying digital watermarks to digital image files.

14. Imatag offers three core products: Digital Watermarking API ("IMATAG API"), Leaks, and Monitor. Each is shown in this image from Imatag's website:



15. IMATAG API is a software tool that creates and applies digital watermarks to digital image files—the very technology claimed by the '592 Patent. Imatag sells IMATAG API as both a service and as onsite software.

16. As shown in the claim chart attached here as **Exhibit 2**, the IMATAG API product practices each element of at least claims 1 and 8 of the '592 Patent.

Imatag thus directly infringes the '592 Patent by making, using, offering, or selling IMATAG API or importing it into the United States.

17. Imatag's Leaks and Monitor products are services for tracking an Imatag customer's images by digital watermarking. Leaks marks a customer's images with a digital watermark so that the item can be searched for by the watermark, e.g., in the event the document or image is discovered to have been "leaked" beyond the customer's custody. Monitor uses the IMATAG API-generated digital watermark data to search, e.g., the internet, for the watermarked material.

18. Both Leaks and Monitor incorporate, utilize, and rely on the IMATAG API-generated watermark.

19. Accordingly, Imatag also directly infringes the '592 Patent by making, using, offering, or selling Leaks and Monitor or importing them into the United States.

20. Every person who uses IMATAG API, Leaks, or Monitor and any equivalent product made by Imatag, including Imatag's clients, partners and end-user customers, directly infringes claims 1 and 8 of the '592 Patent.

21. On March 9, 2023, KPN sent Imatag a letter, including a copy of the '592 Patent, explaining that Leaks and Monitor infringe the '592 Patent.

22. Imatag therefore has known since at least its receipt of the March 9, 2023 letter (and no later than the service of this action) that every person or entity who makes, uses, offers, sells, or imports IMATAG API, Leaks, and Monitor infringes at least claims 1 and 8 of the '592 Patent.

23. Nevertheless, Imatag continues to make, use, offer, and sell IMATAG API, Leaks, and Monitor and import them into the United States.

24. Further, Imatag continues to actively, knowingly, and intentionally induce others to directly infringe claims 1 and 8 of the '592 Patent in violation of 35 U.S.C. § 271(b) by encouraging its clients, partners, customers, and potential customers to use IMATAG API, Leaks, and Monitor.

25. Imatag's continued making, use, offering, and selling of Leaks and Monitor and any similar product, contributorily infringes Claims 1 and 8 of the '592 Patent in violation of 35 U.S.C. § 271(c) because Leaks, Monitor and any similar product is not designed or intended to be used, other than in the infringing manner (by utilizing the infringing IMATAG API watermarking system), and, on information and belief, has no other practical use.

26. Imatag's continued direct and indirect infringement of the '592 Patent is willful, intentional, and deliberate because it knows of the '592 Patent and the infringement but continues its infringing acts.

27. Imatag has never had authority to make, use, offer, sell, import, or otherwise operate or actively encourage or instruct others to use a product or service that performs the method claimed in the '592 Patent.

28. As the direct and proximate result of Imatag's conduct, KPN has suffered and will continue to suffer, irreparable injury and damages in an amount to be proven at trial.

29. Because KPN's remedy at law is inadequate, it seeks permanent injunctive relief in addition to damages.

30. KPN is also entitled to enhanced damages and reasonable attorney fees adequate to compensate for Imatag's willful infringement and other conduct.

## DEMAND FOR JURY TRIAL

KPN demands a trial by jury on all issues, claims and matters to which it is so entitled under Fed. R. Civ. P. 38 and otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KPN Innovations LLC ("KPN") prays for judgment against Defendant Imatag S.A.S. ("Imatag") as follows:

1. Adjudging that Imatag has directly and indirectly infringed, contributorily infringed, and actively induced infringement of the '592 Patent in violation of 35 U.S.C. § 271;

2. Granting an injunction temporarily and preliminarily during the pendency of this action, and permanently thereafter, enjoining Imatag and any subsidiaries, affiliates, parents, successors, assigns, directors officers, agents, servants, employees, attorneys, and all persons acting in concert, on behalf of, or in participation therewith from infringing, contributing to the infringement of, and/or inducing infringement of the '592 Patent;

3. Ordering Imatag to account and pay damages adequate to compensate KPN for Imatag's direct, indirect, contributory, and induced infringement of the '592 Patent, including pre-judgment and post-judgment interests and costs, pursuant to 35 U.S.C. § 284;

4. Ordering an accounting for any infringing use not presented at trial and an award by the Court of additional damages for any such infringing use;

5. Ordering that the damages award be enhanced up to three-fold in accordance with 35 U.S.C. § 284;

6. Declaring this case exceptional and awarding KPN its reasonable attorney fees in accordance with 35 U.S.C. § 285; and

7. Awarding KPN any such other and further relief as this Court deems just and proper under the circumstances.

Dated: May 12, 2023

    Respectfully submitted,

**CALDWELL**
/s/ *Andrew P. Alexander*
Andrew P. Alexander (BBO# 710413)
andrew@caldwellip.com
Jameson J. Pasek (BBO# 692924)
jameson@caldwellip.com
Caldwell Intellectual Property Law
200 Clarendon St., 59th Floor,
Boston, MA 02116
(857) 496-8913

*Attorneys for Plaintiff*

## TABLE OF EXHIBITS

Exhibit 1 – U.S. Patent No. 8,385,592

Exhibit 2 – Claim Chart